T.C. Memo. 2014-187

UNITED STATES TAX COURT

JAMES A. WALKER, P.A., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23218-12L.                    Filed September 15, 2014.

James A. Walker (an officer), for petitioner.

<u>Michelle M. Robles</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  James A. Walker, P.A. (Walker), timely petitioned upon

receiving a Notice of Determination Concerning Collection Action(s) under

Section 6320 and/or 6330.[1]  On January 9, 2014, respondent filed a motion for

_____

[1]All section references are to the Internal Revenue Code in effect at all

(continued...)

[*2] summary judgment and included a supporting declaration by the settlement officer who made the determination, authenticating documents from the administrative record. Respondent argues that Walker may not challenge the underlying liabilities before this Court because it did not properly raise the issue during the collection due process (CDP) hearing. Further, respondent argues that Walker failed to propose a specific collection alternative, did not provide the requested information to evaluate its eligibility for a collection alternative, and did not provide evidence of circumstances that would necessitate lien withdrawal. After giving Walker multiple opportunities to respond and receiving no response, we find that there are no genuine disputes of material fact, and we will grant respondent's motion.

Background

At the time it filed its petition Walker was a law firm incorporated in Florida.

In the course of its operations Walker incurred employment tax liabilities. Walker filed Forms 941, Employer's Quarterly Federal Tax Return, for tax periods ending September 30 and December 31, 2001, March 31, 2004, and March 31 and June 30, 2005, but did not fully pay the liabilities reported. The IRS assessed the

_____

[1](...continued)
relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] liabilities shown on the returns and an additional liability for the period ending March 31, 2004.  The IRS also assessed a penalty under section 6721(e), believing that Walker had intentionally disregarded its filing requirements when it did not file Forms W-2, Wage and Tax Statement, for the tax period ending December 31, 2005.  Respondent alleged that he sent Walker a notice informing it of the penalty, but respondent's efforts to find a copy of the notice were unsuccessful.

The IRS then began collection efforts.  On November 29, 2011, the IRS mailed Walker a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to the assessed tax liabilities and penalty.  In early 2012 Walker submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to the IRS.  On its CDP hearing request Walker marked "Collection Alternative", "Installment Agreement", "Offer in Compromise", and "I Cannot Pay Balance due to a temporary hardship condition".  Walker wrote:  "I am not liable for, or I don't owe, all or part of the taxes; I do not believe that I should be responsible for penalties due to employee thefts which caused the bookkeeping problems, and I have paid all or part of my taxes."

An administrative CDP proceeding followed.  Settlement Officer Jensen sent Walker a letter scheduling a telephone CDP hearing for June 6, 2012.  The letter also requested that Walker provide signed copies of tax returns for various periods,

**[*4]** a statement explaining Walker's temporary hardship claim with supporting verification, a collection statement, financial information, and a proposal for an installment agreement and an offer-in-compromise within 14 days. Settlement Officer Jensen did not receive this information before the CDP hearing. After rescheduling the CDP hearing for June 27, 2012, Settlement Officer Jensen held the CDP hearing with Walker's representative. On the call Walker's representative explained some employee problems that Walker had experienced. Walker's representative also expressed Walker's desire to get the outstanding returns filed. After the CDP hearing Settlement Officer Jensen called Walker's representative and left a voicemail message reminding him to provide her with the previously requested financial information by July 13, 2012. Walker did not submit the requested information, and on August 10, 2012, the IRS issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330.

Walker timely petitioned, leading to this proceeding. In early 2014 respondent filed a motion for summary judgment. The Court ordered Walker to respond to respondent's motion. After extending the deadline and receiving no response, the Court set the motion for hearing during the Miami, Florida, trial session beginning May 19, 2014. A representative for Walker appeared at the trial session and explained that some personal problems of the representative had

**[*5]** prevented Walker from responding to respondent's motion.  The Court allowed Walker until July 7, 2014, to respond to the motion.  As of today, the Court has received no response from Walker.[2]

## Discussion

### I.  Summary Judgment

The purpose of summary judgment is to avoid unnecessary and expensive trials through expediting the litigation.[3]  However, summary judgment is not a substitute for trial, and it should not be invoked in proceedings where there are disputed facts.[4]  Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."[5]  The party moving for summary judgment bears the burden of demonstrating

---

[2]The Court may dismiss a case at any time and enter a decision against a party for failing to comply with an order of the Court.  Rule 123(b).  Although we may dismiss Walker's case for failing to file a response after repeated extensions, we will address the motion on its merits.

[3]Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

[4]Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

[5]Rule 121(b).

**[\*6]** that a genuine dispute does not exist as to any material fact.[6] Since the moving party bears this burden, any factual inferences will be treated in a manner that is most favorable to the nonmoving party.[7] While the burden falls on the moving party, the nonmoving party "may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine dispute for trial."[8]

II.  Collection Due Process Overview

Section 6320 requires the Secretary to notify a taxpayer in writing of the filing of a notice of lien.[9] The notice must inform the taxpayer of the right to request a hearing.[10] The hearings are often called collection due process, or CDP, hearings.

In a CDP hearing a taxpayer may raise any issue relevant to an unpaid tax or a proposed levy, including appropriate spousal defenses, challenges to the

---

[6]Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992).

[7]Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

[8]Rule 121(d).

[9]Sec. 6320(a)(1).

[10]Sec. 6320(a)(3)(B).

[*7] appropriateness of collection alternatives, and offers of collection alternatives.[11]  In addition, a taxpayer may challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have the opportunity to dispute the liability.[12]  While the term "underlying liability" is not defined in section 6320 or 6330, we have previously interpreted this term "to include any amounts owed by a taxpayer pursuant to the tax laws."[13]

If the validity of the underlying liability is properly at issue, we will review that determination de novo.[14]  In contrast, where the validity of the underlying liability is not properly at issue, we will review the determination for abuse of discretion.[15]  An abuse of discretion will be found where the determination was arbitrary, capricious, or without sound basis in fact or law.[16]

---

[11]Sec. 6330(c)(2)(A).

[12]Sec. 6330(c)(2)(B).

[13]Katz v. Commissioner, 115 T.C. 329, 339 (2000).

[14]Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[15]Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

[16]Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

**[\*8]** The determination by the Appeals officer must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.[17]  We find that Settlement Officer Jensen properly based her determination on these factors.

## III.  Underlying Liability

Section 6330, which governs CDP hearings, permits a taxpayer to raise any relevant issue relating to the unpaid tax or the proposed collection method.[18]  If the taxpayer seeks Tax Court review of the notice of determination, the Court can consider only an issue that was properly raised in the CDP hearing.[19]  An issue will not be considered properly raised if the taxpayer fails to request consideration of the issue or requests consideration but does not present evidence to Appeals after

---

[17]Sec. 6330(c)(3).

[18]Sec. 6330(c)(2)(A).

[19]Secs. 301.6330-1(f)(2), Q&A-F3, 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*9] being given a reasonable opportunity to do so.[20] While "reasonable opportunity" is not specifically defined in the regulations, there is no provision requiring that taxpayers be given an unlimited opportunity to supplement the record.[21]

On its CDP hearing request Walker disputed the underlying liabilities. However, there is nothing in the record to show that Walker provided any evidence to the settlement officer to dispute the liabilities. Further, most of the liabilities were self-reported. Accordingly, we find that Walker did not properly raise its underlying liabilities as an issue during the CDP hearing, and therefore it cannot dispute the liabilities here.

IV. Collection Alternatives

Again, because the underlying liabilities are not at issue, we review the IRS' determination for an abuse of discretion.[22] It is not an abuse of discretion for a settlement officer to refuse to consider collection alternatives if the taxpayer does

---

[20]Secs. 301.6330-1(f)(2), Q&A-F3, 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[21]Roman v. Commissioner, T.C. Memo. 2004-20.

[22]See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

[*10] not submit the requested financial information.[23]  Additionally, it is not an abuse of discretion where the taxpayer does not propose any terms for an installment agreement or propose a specific collection alternative.[24]

Although Walker requested an installment agreement or an offer-in-compromise, it never proposed specific terms.  Further, Walker did not submit the requested information after being given multiple opportunities by the settlement officer.  Walker also stated on the CDP hearing request that it was experiencing a temporary hardship but again did not provide any evidence to support that claim.  Accordingly, we find that the settlement officer did not abuse her discretion in denying a collection alternative.

## V. Lien Notice Withdrawal

Upon demand for payment and failure to pay, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes.[25]  The Secretary may withdraw a notice of lien if certain circumstances are present, such as the filing of the notice was

---

[23]Schwersensky v. Commissioner, T.C. Memo. 2006-178.

[24]Veneziano v. Commissioner, T.C. Memo. 2011-160; Med. Practice Solutions, LLC v. Commissioner, T.C. Memo. 2010-98.

[25]Sec. 6321.

**[\*11]** premature, the taxpayer entered into an agreement to satisfy the liability, withdrawal would facilitate collection, or with the consent of the National Taxpayer Advocate, withdrawal would be in the best interests of the taxpayer.[26]

As stated above, the statute allowing lien withdrawal is permissive. There is nothing to suggest that Walker submitted any evidence to show that it was experiencing a hardship. Accordingly, we do not find that the settlement officer abused her discretion in failing to withdraw the lien.

VI. Conclusion

Walker has not provided any evidence of a genuine dispute as to any material fact. Further, Walker has not provided any evidence that it is entitled to dispute the underlying liabilities or that the settlement officer abused her discretion in denying a collection alternative and sustaining the lien. Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[26]Sec. 6323(j).