T.C. Memo. 2021-24

UNITED STATES TAX COURT

CRAIG L. GALLOWAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18722-18L.                    Filed February 24, 2021.

<u>Jason M. Smith</u>, for petitioner.

<u>Lynn M. Barrett</u> and <u>Timothy A. Lohrstorfer</u>, for respondent.

MEMORANDUM OPINION

URDA, <u>Judge</u>:  In this collection due process (CDP) case Craig L. Galloway

seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of the determination by

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  We round all monetary amounts to the

(continued...)

[*2] the Internal Revenue Service (IRS) Office of Appeals[2] to uphold the filing of a notice of Federal tax lien (NFTL) with respect to an unpaid Federal income tax liability for 2014, as well as associated interest and additions to tax. Mr. Galloway asserts that, during his CDP hearing, he was improperly barred from resuscitating an offer-in-compromise (OIC) that had been rejected before the NFTL filing.

Respondent has moved for summary judgment, asserting, inter alia, that Mr. Galloway failed to propose an OIC and that the determination to uphold the NFTL filing was proper. Mr. Galloway objected and filed a cross-motion for summary judgment. We will grant respondent's motion and deny Mr. Galloway's.

---

[1](...continued)
nearest dollar.

[2]On July 1, 2019, the Office of Appeals was renamed the Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019). As the events in this case predated that change, we will use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

**[\*3]**                                      Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits.[3]  See Rule 121(b).  Mr. Galloway lived in Indiana when he timely filed his petition.

A.     Mr. Galloway's Tax Liability

Mr. Galloway is a car salesman.  On his 2014 Federal income tax return he reported taxable income of $249,718, and Federal income tax of $95,293.  Mr. Galloway's income tax withholding for 2014 was $32,998, which did not fully cover his reported tax obligation.  The IRS accordingly assessed the reported tax, an addition to tax under section 6651(a)(2) for failure to timely pay, an addition to tax under section 6654 for failure to pay estimated tax, and statutory interest.

B.     OIC Proceedings

Mr. Galloway submitted two OICs to the IRS Centralized Offer in Compromise (COIC) unit in an attempt to settle his 2014 tax liability.  First, in

---

[3]Mr. Galloway seeks to rely upon three documents that are not part of the administrative record.  Respondent objects, urging us to overrule our decision in Robinette v. Commissioner, 123 T.C. 85, 95 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006), in which we held that, "when reviewing for abuse of discretion under section 6330(d), * * * our review is not limited to the administrative record."  The documents relate to dispositive undisputed facts.  We decline to reconsider our precedent in a case where it would have no practical effect, and thus permit Mr. Galloway and respondent to refer to the exhibits as they see fit.

[*4] 2016, he offered $9,138, which was rejected on the ground that he could pay the full amount due. Rather than appealing that rejection to the Office of Appeals, Mr. Galloway submitted Form 656, Offer in Compromise, in January 2017 (2017 OIC), proposing to settle for $8,900.

Mr. Galloway asserted that exceptional circumstances justified acceptance of the 2017 OIC. He recounted struggles with alcoholism, which led to his termination from work in 2012 and to a sustained period of unemployment. He asserted that, during this time, he liquidated retirement savings for living expenses, which resulted in the tax liability at issue. Mr. Galloway further explained that despite his holding a job as a car salesman since October 2015, his salary was commission based and subject to significant fluctuations. Finally, he requested that the COIC unit not consider certain assets when determining his ability to pay, including his personal residence and a car used by his daughter.

Mr. Galloway also submitted Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. He reported monthly income and monthly expenses of $2,400,[4] as well as a variety of personal assets including his residence, two 2007 Toyotas, one 1997 Toyota, a motorcycle, and

---

[4]Mr. Galloway's Form 433-A suggests that he rounded down his $2,478 monthly household expenses to $2,400.

[*5] $297 in a checking account. Mr. Galloway proposed settling his tax debt for $8,900, the purported value of two of his cars (those not used by his daughter) and his motorcycle. He stated that he could pay his full offer within two years.

On September 20, 2017, the COIC unit sent a letter rejecting the 2017 OIC on the grounds that Mr. Galloway had the ability to fully pay his liability and that he had offered less than his reasonable collection potential (RCP).[5] IRS computations attached to the letter reflected that Mr. Galloway's gross monthly income was $4,902 and his monthly allowable expenses were $3,217, leaving $1,685 of disposable income per month that could be devoted toward his liability (at that time) of $81,507. The computations noted that 110 months still remained in the statutory collection period and that Mr. Galloway could pay off his liability in 53 months using his monthly disposable income alone.

---

[5]The Commissioner has promulgated guidelines for the evaluation of offers. See, e.g., Churchill v. Commissioner, T.C. Memo. 2011-182, 102 T.C.M. (CCH) 116, 117 (2011). The calculation of a taxpayer's RCP occupies a central place in those guidelines. See id.; see also Internal Revenue Manual (IRM) pt. 5.8.5.1 (Sept. 23, 2008). A settlement officer derives the RCP from her estimate of a taxpayer's assets and likely future income. See IRM pt. 5.8.5.4, 5.8.5.20 (Sept. 30, 2013). Likely future income, in turn, is determined by multiplying a taxpayer's monthly disposable income (gross income minus necessary living expenses) by a certain number of months. See id. pt. 5.8.5.22 (Oct. 22, 2010), 5.8.5.25 (Sept. 30, 2013).

**[*6]**   Mr. Galloway timely appealed the rejection to the Office of Appeals, asserting that the IRS had inflated his likely future earnings given his commission-based job and uncertain income prospects.  Specifically he explained that his income fluctuated with the commissions he received.  He further suggested that the $4,902 salary amount determined by the COIC unit was taken out of context, noting that a "one-month snap shot of Mr. Galloway's income will not accurately reflect his monthly income over the course of the year".  He concluded by asserting that he had no disposable income to devote to his liability and that the IRS had erred in concluding otherwise.

On February 1, 2018, the Office of Appeals sustained the rejection of the 2017 OIC, explaining that the "amount you are able to pay exceeds the amount of your offer."

C.    CDP Proceeding

The next month the IRS issued Mr. Galloway a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  Mr. Galloway responded by filing a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, on which he checked the boxes for "Offer in Compromise" and "I Cannot Pay Balance".  Mr. Galloway urged reconsideration of the 2017 OIC and attached

**[*7]** to the Form 12153 the COIC rejections of his previous OICs (and related correspondence).

The settlement officer assigned to Mr. Galloway's case scheduled a telephone CDP hearing for July 19, 2018, requesting certain financial information including Form 656 and Form 433-A. Mr. Galloway neither responded to this letter nor returned the requested financial information, but the hearing went ahead as scheduled. During the hearing Mr. Galloway criticized the COIC unit for assessing his ability to pay on the basis of his disposable income over the remaining statutory period of collection rather than over 12 months. The settlement officer took the position that the COIC unit acted properly, explaining that the first step in evaluating an OIC was to determine on the basis of a taxpayer's likely future income whether the taxpayer could fully pay the liability before the collection period expired.

Although the settlement officer invited Mr. Galloway to submit a new offer if he had experienced a change in his monthly income, she noted that the submission of the same offer would lead to the same result. The settlement officer also noted her willingness to consider a longer term installment agreement with lower monthly payments of $975. She asked Mr. Galloway to advise her by July 30, 2018, if he wanted to pursue either option.

**[\*8]** Mr. Galloway did not respond by the due date. On August 2, 2018, the settlement officer called Mr. Galloway's representative and left a message, asking him to advise her by August 6, 2018, whether Mr. Galloway wished to accept the installment agreement of $975 per month. Neither Mr. Galloway nor his representative replied, and the settlement officer accordingly closed the case.

On August 16, 2018, the Office of Appeals issued a notice of determination sustaining the filing of the NFTL for 2014. The notice explained that although Mr. Galloway had raised the issue of an OIC, he neither provided requested documentation nor submitted an OIC, and that he had not responded to the settlement officer's installment agreement overture.

Discussion

I.    Governing Principles

    A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary

**[\*9]** judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Id.

Here, both parties have moved for summary judgment with respect to the Office of Appeals' determination.  Since we will grant respondent's motion, we draw factual inferences in favor of Mr. Galloway.  See Palmolive Bldg. Inv'rs, LLC v. Commissioner, 152 T.C. 75, 82 (2019).  The nonmoving party, however, may not rest upon the mere allegations or denials of its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

B.      Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to sections 6320(c) and 6330(d)(1).  Where, as here, the underlying tax liability is not at issue, we review the determination of the Office of Appeals for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Taylor v. Commissioner, T.C. Memo. 2009-27, 97 T.C.M. (CCH) 1109, 1116 (2009).

**[\*10]** II.    Abuse of Discretion

Mr. Galloway contends that the Office of Appeals abused its discretion in sustaining the rejection of his 2017 OIC.  We consider whether the settlement officer:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues Mr. Galloway raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of \* \* \* [Mr. Galloway] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).  Our review of the administrative record establishes that the settlement officer satisfied all the requirements.

A.    Verification

As an initial matter, this Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing.  See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008), supplemented by 136 T.C. 463 (2011).  Mr. Galloway has not challenged verification, and we conclude from our review of the record that the settlement

[*11] officer conducted a thorough review of the account transcripts and verified that all applicable requirements were met.[6]

B.    Issue Raised

In the CDP proceeding Mr. Galloway asserted that the 2017 OIC was improperly rejected and that he should have been given the opportunity to resubmit that collection alternative or negotiate a different amount. In this Court he contends that the settlement officer abused her discretion by failing to consider his arguments regarding the errors in the 2017 OIC rejection and by dissuading him from presenting an OIC.

Mr. Galloway, however, was precluded from raising the 2017 OIC in his CDP proceeding. Generally, a taxpayer may raise any relevant issue at a CDP hearing, including a collection alternative. But section 6330(c)(4)(A) prohibits a taxpayer from raising an issue during a CDP hearing where: (1) the issue was raised and considered at a previous section 6320 hearing or in any other previous administrative or judicial proceeding; and (2) the taxpayer participated

---

[6]"Where the supervisory approval requirement of section 6751(b)(1) applies, the Appeals officer should obtain verification that such approval was obtained". ATL & Sons Holdings, Inc. v. Commissioner, 152 T.C. 138, 144 (2019). The approval requirement of sec. 6751(b)(1) does not apply to additions to tax under secs. 6651(a)(2) and 6654. See sec. 6751(b)(2)(A).

[*12] meaningfully in such a hearing or proceeding. See also sec. 301.6320-1(e)(1), Proced. & Admin. Regs. Both requirements are met here.

First, Mr. Galloway appealed the rejection of the 2017 OIC to the Office of Appeals, which ultimately sustained the COIC unit's rejection on the ground that the "amount you are able to pay exceeds the amount of your offer." Both we and the Court of Appeals for the Seventh Circuit, to which an appeal of this case would ordinarily lie, see sec. 7482(b)(1), have held that consideration by the Office of Appeals constitutes an administrative proceeding within the meaning of section 6330(c)(4)(A), see Our Country Home Enters., Inc. v. Commissioner, 855 F.3d 773, 791 (7th Cir. 2017); see also West v. Commissioner, T.C. Memo. 2010-250, 2010 WL 4780323, at *11; cf. Loveland v. Commissioner, 151 T.C. 78, 86 (2018) (concluding that consideration of an OIC by IRS collections personnel, but not by the Office of Appeals, did not constitute an administrative proceeding).

Second, Mr. Galloway meaningfully participated in the Office of Appeals hearing. As part of his appeal Mr. Galloway submitted a letter that detailed the purported errors in the COIC unit's analysis. He pointed out that he was a commission-based employee and that his month-to-month income was not consistent. He further suggested that the gross monthly income of $4,902 as determined by the COIC unit was a high-water month taken out of context, noting

**[\*13]** that a "one-month snap shot of Mr. Galloway's income will not accurately reflect his monthly income over the course of the year". Finally, Mr. Galloway emphasized that he did not have any monthly disposable income and that the IRS had erred in concluding otherwise. In short, he had an opportunity to explain his position to the Office of Appeals, and he took full advantage of it.

As Mr. Galloway raised the 2017 OIC in an administrative proceeding before the Office of Appeals in which he meaningfully participated, he was precluded from raising that issue in his CDP proceeding. Although the settlement officer addressed this matter during the CDP proceeding, her consideration does not revive a precluded issue. See Isley v. Commissioner, 141 T.C. 349, 371 (2013); see also Swanson v. Commissioner, 121 T.C. 111, 118 (2003); Behling v. Commissioner, 118 T.C. 572, 579 (2002); sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs. ("Any determination * * * made by the Appeals officer with respect to * * * a precluded issue shall not be treated as part of the Notice of Determination * * * and will not be subject to any judicial review."). As our review is limited to the issues properly raised in the CDP hearing, Mr. Galloway is barred from raising this issue in this Court as well. See Goza v. Commissioner, 114 T.C. at 182-183; see also sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin.

**[\*14]** Regs. (explaining that a precluded issue "is not reviewable by the Tax Court because the precluded issue is not properly part of the CDP hearing").[7]

### C. Balancing

Mr. Galloway does not allege on petition or argue at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See sec. 6330(c)(3)(C). He thus has conceded this issue. See Rule 331(b)(4); see also Ansley v. Commissioner, T.C. Memo. 2019-46, at \*19. In any event the

---

[7]Our determination that the 2017 OIC is a precluded issue makes it unnecessary to address Mr. Galloway's argument that the settlement officer abused her discretion when considering his request for her to reconsider his 2017 OIC. Even if the issue were not precluded, however, we would conclude that there was no abuse of discretion. The settlement officer invited Mr. Galloway to submit an OIC if his income was different from the amount determined by the IRS, which was the main thrust of Mr. Galloway's challenge. Despite being given time to do so, Mr. Galloway failed to put a specific collection alternative on the table. See Kindred v. Commissioner, 454 F.3d 688, 696 (7th Cir. 2006) ("Without an actual offer in compromise to consider, it would be most difficult for either the Tax Court or this court to conclude that the appeals officer might have abused his discretion; for the appeals officer could not mistakenly reject something which has not been presented to him."); see also Walker v. Commissioner, T.C. Memo. 2014-187, at \*10. Nor did he supply the requested financial information necessary to evaluate any offer. See also Reed v. Commissioner, 141 T.C. 248, 255 (2013) ("Taxpayers must submit current financial data when proposing an OIC based on doubt as to collectibility."), supplemented by T.C. Memo. 2014-41; IRM pt. 5.8.5.3(1) (Mar. 23, 2018).

[*15] settlement officer expressly concluded in the notice of determination that the filing of the NFTL balanced the need for efficient tax collection with Mr. Galloway's legitimate concerns about intrusiveness because he had an outstanding tax liability and the filing of the NFTL was in the best interest of the Government, and Mr. Galloway did not provide a valid justification to withdraw the lien. Again, we see no abuse of discretion.

III.    Conclusion

Finding no abuse of discretion in any respect, we will grant summary judgment to respondent, deny Mr. Galloway's motion, and sustain the collection action. We note that Mr. Galloway is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an OIC or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered.